CIVIL MINUTES -- GENERAL

Case No.   **CV 18-6627-JFW(SKx)** Date:  October 11, 2018

Title: Corey Davis -v- Barney's, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:** **ATTORNEYS PRESENT FOR DEFENDANTS:**
None None

**PROCEEDINGS (IN CHAMBERS):** **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C § 1447 [filed 9/10/18; Docket No. 19]**

On September 10, 2018, Plaintiff Corey Davis ("Plaintiff") filed a Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion").  On September 24, 2018, Defendant Barney's Inc. ("Defendant") filed its Opposition.  On October 1, 2018, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 15, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I. Factual and Procedural Background**

On June 20, 2018, Plaintiff filed a Class Action Complaint in Los Angeles Superior Court.  In the Complaint, Plaintiff alleges that Defendant "engaged in a uniform policy and systemic scheme of wage abuse against their hourly-paid or non-exempt employees," which allegedly involved requiring these employees to work off the clock, failing to pay them the required minimum wage, failing to pay them for all hours worked, and not allowing them to take their required meal and rest breaks.  Complaint, ¶ 27.  Plaintiff alleges these claims on behalf of "[a]ll current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." *Id.*, ¶ 11.

On August 1, 2018, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").

In his Motion, Plaintiff argues that Defendant cannot meet its burden of proof that the

amount in controversy exceeds $5,000,000, and moves to remand this action to Los Angeles Superior Court.

## II. Legal Standard

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements"). CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 554 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5,000,000, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5,000,000, to satisfy other requirements under CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In *Dart Cherokee,* 135 S.Ct. 547, the Supreme Court did not mandate that a plaintiff seeking to remand an action must always submit evidence challenging the amount in controversy. Instead, the Supreme Court in *Dart Cherokee*, along with the Ninth Circuit in *Ibarra*, only require a plaintiff to come forward with contrary evidence when the removing defendant has produced evidence to meet its initial burden. *See, e.g., Ibarra*, 775 F.3d at 1197 (holding that a "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one"); *see also id.* at 1199 ("[Defendant], as the removing [party], has the burden of proof on this"). Once the defendant has done so, then the burden shifts to the plaintiff to produce evidence. In other words, although the plaintiff may rebut the defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on his or her motion for remand. *See, e.g., Leon v. Gordon Trucking, Inc.*, 2014 WL 7447701, *10, fn. 40 (C.D. Cal. 2014) ("Here, [plaintiff] filed a motion to remand; thus *Dart Cherokee* makes clear that it was

[defendant's] burden to come forth with evidence establishing the amount in controversy. As noted, it has failed to do so"); *Marentes v. Key Energy Svcs. Cal., Inc.*, 2015 WL 756516, *3 (E.D. Cal. 2015) (granting motion to remand based on plaintiff's challenge to defendant's calculations as "rely[ing] solely on speculation and unsubstantiated assumptions"); *Reyna v. Fore Golf Management, Inc.*, 2015 WL 881390, *1 (C.D. Cal. 2015) (granting motion to remand in wage and hour class action where plaintiff moved to remand based solely on challenges to defendant's evidence and assumptions in calculating the amount in controversy).

III.     Discussion

In its Notice of Removal, Defendant assumes that the $5,000,000 amount in controversy requirement is met based on its calculation of damages on Plaintiff's various wage and hour claims. However, in his Motion to Remand, Plaintiff argues that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Specifically, Plaintiff contends that Defendant's calculation of damages is based entirely on assumptions and speculation, including estimating the number of putative class members, the number of work weeks worked by putative class members, the average rate of pay, and the number of pay periods per year. Plaintiff also argues that Defendant's Notice of Removal and Opposition to Plaintiff's Motion to Remand are devoid of any foundational facts or evidence needed to support the reasonableness of its assumptions. As Plaintiff points out, the only evidence offered in support of Defendant's Notice of Removal and its Opposition are two declarations from Kimberly Hoyt ("Hoyt"), Defendant's Senior Vice President of Finance, and those declarations provide only ambiguous and qualified assertions in support of Defendant's damage calculation.

The Court agrees with Plaintiff. The unsupported and conclusory statements in Hoyt's declarations are insufficient to establish that the amount in controversy exceeds $5 million. *See Contreras v. J.R. Simplot Co.*, 2017 WL 4457228, *3 (E.D. Cal. Oct. 5, 2017) ("A defendant's amount in controversy calculation is unjustified where the only evidence the defendant provides is 'a declaration by [its] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages'"); *see also Farley v. Dolgen Cal., LLC*, 2017 WL 3406096, at *3 (E.D. Cal. Aug. 8, 2017) ("Without corroborating documents, Cheesman's declaration, on which defendant heavily relies, is speculative and self-serving"). For example, Hoyt provides only five broad assumptions to support Defendant's allegation that the $5 million amount in controversy is satisfied: (1) "there are approximately 1,266 current and former non-exempt employees who were employed by Defendant . . . at any time from June 2, 2014 through July 31, 2018"; (2) "[t]hese current and former non-exempt employees worked an approximate total of 90,316 workweeks"; (3) putative class members' average hourly rate "is approximately $17.44 per hour"; (4) "there were approximately 571 former non-exempt employees in California whose employment was separated from June 21, 2015 to July 1, 2018 who worked shifts in excess of three and a half (3 ½) hours for four (4) to five (5) days per week"; and (5) Defendant currently "has approximately 472 non-exempt employees . . . who work shifts in excess of three and a half (3 ½) hours for four (4) to five (5) days per week." Declaration of Kimberly Hoyt ("Hoyt Decl."), ¶¶ 4-8 (Docket No. 25-6). However, Hoyt fails to provide the Court with any information as to the method she employed to arrive at her estimates or why she was unable to provide more accurate and concrete numbers. Hoyt also fails to attach a single business record, spreadsheet, or other supporting document to her declarations to corroborate her testimony, except for a single page Non-Exempt Vacation/Personal/Sick Day

Eligibility Chart for California, which neither addresses nor supports Hoyt's estimates. In addition, although Hoyt's declaration states that she is "familiar" and has "access to information concerning [Defendant's] employees," absent from her declaration is any attestation as to precisely what these records include or whether she actually reviewed any records before her declaration was drafted. Hoyt Decl., ¶ 2 (Docket No. 25-6). Moreover, Hoyt provides no breakdown as to how she arrived at the estimates in her declaration, and without any explanation as to how those estimates were calculated, there is no basis to conclude that they are accurate. This sort of guesswork is particularly egregious because Defendant, as the employer, has ready access to all the facts, records, and information necessary to support its amount in controversy calculations. *See* Cal. Lab. Code §§ 226, 432, 433, and 1198.5. Therefore, Defendant has failed to provide the necessary foundation for its calculations and, thus, has failed to put forth summary-judgment-type evidence upon which it can base its amount in controversy calculations. *Carranza v. Nordstrom, Inc.*, 2014 WL 10537816, at *10 (C.D. Cal. Dec. 12, 2014) (evaluating "which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met").

In addition, Defendant simply assumes the number of wage and hour violations suffered by every class member without setting forth any basis or providing any evidence for those assumptions. For example, Defendant simply assumes that every class member experienced two meal period violations and two rest period violations for every week worked. However, Defendant provides no foundation for these assumptions, such as whether the shifts worked by class members were of sufficient length to mandate the provision of meal and rest breaks. Thus, Defendant's assumption of two meal period violations and two rest period violations per week are not supported by any evidence and are far too speculative to demonstrate that the amount in controversy requirement has been met. *See, e.g., Armstrong v. Ruan Transp. Corp.*, 2016 WL 6267931, at *3 (C.D. Cal. Oct. 25, 2016) (rejecting defendant's assumption of one meal and rest period violation per week because it failed to provide any factual support for its assumptions); *see also e.g., Smith v. Diamond Resorts Mgmt.*, 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) ("The Court is unpersuaded by such cases [supporting assumptions of one hour of overtime pay per week] primarily because '[a]s the employer, Defendant[s] ha[ve] access to employment and payroll records that would allow [them] to provide more accurate figures,' rather than mere estimations"). Similarly, Defendant fails to provide any basis for its assumption that every class member worked one uncompensated hour of overtime every week and, thus, that calculation is also too speculative to support that the amount in controversy has been satisfied. *See e.g., Smith*, 2016 WL 356020 at *2-3 (rejecting defendant's violation rate of one hour of overtime per week because defendants failed to show how often plaintiffs and class members performed overtime work); *Ray v. Nordstrom, Inc.*, 2011 WL 6148668, at * 3 (C.D. Cal. Dec. 9, 2011) (holding that an allegation defendant "failed to pay 'all' California hourly employees at least some regular and overtime hours" did not support the estimate that each class member missed one hour of regular pay and one hour of overtime pay per pay period). Finally, Defendant assumes, without any evidence or support, that every single wage statement provided to class members was deficient and that every terminated employee is owed a waiting time penalty. However, such conclusory and speculative assumptions are insufficient to establish that the amount in controversy has been met. *See Garibay v. Archstone Communities, LLC,* 539 Fed. Appx. 763, 764-65 (9th Cir. 2013) (rejecting an employer's maximum wage statement penalty calculation because the employer provided no evidence to support its assertion); *see also Emmons v. Quest Diagnostics Clinical Labs., Inc.*, 2014 WL 584393, at *7 (E.D. Cal. Feb. 11, 2014) ("[a] declaration stating the class size and the number

of pay checks issued during the years prior to this action, together with assumptions as to erroneous payments for each and every employee, is not sufficient to establish that the amount in controversy exceeds $5,000,000 even under the preponderance of the evidence standard").

For all the foregoing reasons, the Court finds that Defendants have failed to carry their burden to show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  *See, e.g., Marentes*, 2015 WL 756516, at *10 ("Because [defendant] fails to provide facts supporting the calculations, [defendant] has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5,000,000"); *see also Ibarra*, 775 F.3d at 1199 ("Because the complaint does not allege that [defendant] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions").  Accordingly, the Court concludes that it lacks jurisdiction over this action.

## IV.  Conclusion

For all the foregoing reason, Plaintiff's Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).

IT IS SO ORDERED.